# EXHIBIT A

COREY D. BODDIE, SBN 289185
ATTORNEY AT LAW
BODDIE & ASSOCIATES, P.C.
10940 WILSHIRE BLVD, SUITE 1600
PNB #684
LOS ANGELES, CA 90024
TEL.: (310)873-3722
FAX.: (323)999-5143
COREY@BODDIEASSOC.COM

ATTORNEY FOR PLAINTIFF

**FILED**
Superior Court of California
County of Los Angeles

MAY 10 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT

KWAME BROWN, an individual,

        Plaintiff,

    vs.

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, a Delaware
corporation; BANK OF AMERICA
CORPORATION, a Delaware
corporation; Michelle Marquez,
an individual and DOES 1-100
inclusive.

        Defendants.

Case No.: **BC 705774**

COMPLAINT FOR DAMAGES FOR:

1. FRAUD;
2. BREACH OF FIDUCIARY DUTY;
3. BREACH OF CONTRACT;
4. CONVERSION;

DEMAND FOR JURY TRIAL

Plaintiff KWAME BROWN alleges as follows:

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff KWAME BROWN (herein after "BROWN" or "Plaintiff"), is an individual residing in Atlanta, Georgia. Plaintiff was a client of MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

1

COMPLAINT

1  AND BANK OF AMERICA CORPORATION, (herein after "Defendants")

2  from approximately 2004 until 2017. MICHELLE MARQUEZ (herein

3  after "MARQUEZ" or "Defendant") is a financial advisor

4  employed by Defendants and was the financial advisor to Brown.

5  2. Plaintiff alleges that Defendants MERRILL LYNCH, PIERCE,

6  FENNER & SMITH INCORPORATED AND BANK OF AMERICA CORPORATION

7  are, and at all times herein mentioned are, corporations

8  organized under the laws of the State of Delaware which are

9  authorized to do business in the State of California.

10  Defendants' business, where the following causes of action

11  took place, was and is in the County of Los Angeles.

12  3. Plaintiff is informed, believes and alleges Marquez is an

13  individual residing in the County of Los Angeles.

14  4. Plaintiff is ignorant of the true names and capacities of

15  Defendants sued herein DOES 1 through 100, inclusive, and

16  therefore sues these Defendants by such fictitious names.

17  Plaintiff is informed and believes, and thereon alleges that

18  each of the fictitiously named Defendants are responsible for

19  the alleged occurrences to Plaintiff.

20  5. Plaintiff is informed, believes, and alleges that, at all

21  times herein mentioned, each Defendant was the agents of the

22  each of the other Defendants, and in doing the alleged items

23  herein, were acting within the course and scope of such agency

24  and with the permission and consent of their co-defendants.

25

2

COMPLAINT

1  6. Defendant Marquez, as an employee of MERRILL LYNCH, PIERCE,

2     FENNER & SMITH INCORPORATED AND BANK OF AMERICA CORPORATION,

3     acted on behalf of MERRILL LYNCH, PIERCE, FENNER & SMITH

4     INCORPORATED AND BANK OF AMERICA CORPORATION (collectively

5     "Defendants") and is considered the alter egos of Defendants.

6  7. The Court has subject matter jurisdiction because the

7     potential amount of damages and civil penalties are within the

8     jurisdictional amounts of the Superior Court of California.

9  8. The Court has personal jurisdiction over the Defendants as

10    they are either residents of the State of California, or

11    transact a substantial portion of their business within the

12    State of California. Each Defendant has transacted extensive

13    business in California related to the subject matter of this

14    action.

15               **VENUE AND JURISDICTION**

16  9. Venue is proper under Code of Civil Procedure Section 395.5 in

17    that Defendants' principal place of business is in Los Angeles

18    County.

19

20         FACTS COMMON TO ALL CAUSES OF ACTION

21  Plaintiff is a former National Basketball Association (NBA)

22  player. Plaintiff played in the NBA from 2001 to 2014. During

23  his career, he played for the Washington Wizards, Los Angeles

24  Lakers, Memphis Grizzlies, Detroit Pistons, Charlotte Bobcats,

25  Golden State Warriors and Philadelphia 76ers. In and around

3

COMPLAINT

1  2005, Defendants were engaged by Plaintiff to be his financial

2  advisers. As a financial adviser, Defendants' services included

3  advising Plaintiff on all financial matters, collecting

4  Plaintiff's income from the NBA and investing Plaintiff's money

5  as approved by Plaintiff. Defendants' services also included

6  trading certain stocks for Plaintiff, but with Plaintiff's

7  consent. In no instance were Defendants to invest or trade any

8  monies without Plaintiff's consent.

9  10.  In and around 2010, Marquez began overseeing Plaintiff's

10     account with Defendants with no change from the 2005

11     engagement.

12  11.  On several occasions after 2010, Marquez began investing

13     Plaintiff's money in various projects and trading stocks

14     without Plaintiff's consent.

15  12.  Marquez also opened several bank accounts with Defendants,

16     of which Plaintiff could not deposit or withdraw monies,

17     without Plaintiff's knowledge.

18  13.  It is Plaintiff's belief that his monies were deposited in

19     these unauthorized accounts by Marquez and she began investing

20     and trading on such monies and collecting a commission for

21     herself without the regard to Plaintiff's best interest.

22  14.  In and around 2006, Plaintiff obtained a construction loan

23     in the amount of $1,100,000.00. Plaintiff instructed Marquez

24     to pay off the balance of the construction loan right away. In

25     2015, Plaintiff discovered Marquez did not pay of the

4

COMPLAINT

1   construction loan, but converted the unpaid portion of the

2   commercial loan into a line of credit. Plaintiff did not

3   authorize Marquez to obtain such line of credit. It is

4   Plaintiff's belief Marquez made financial trades with the line

5   of credit without Plaintiff's consent or knowledge. Plaintiff

6   suffered a massive financial loss due to Marquez's actions.

7   15.  In and around 2017, Plaintiff called Marquez to request an

8   accounting of his monies. Plaintiff could not speak to Marquez

9   but instructed to speak to other employees in Marquez's

10   office. Previously, Plaintiff would easily contact Marquez

11   regarding his monies.

12   16.  After several conversations with Jason Betts, an employee

13   of Defendants, Plaintiff was told that he has no monies with

14   Defendants. Jason Betts also told Plaintiff that since 2010,

15   Plaintiff signed authorization documents authorizing

16   Defendants to invest, trade or otherwise control Plaintiff's

17   monies. Plaintiff vehemently denied ever signing such

18   authorization documents.

19   17.  In 2017, Plaintiff requested his entire file from

20   Defendants. In such file, Plaintiff obtained several documents

21   whereby his signature appeared to have been forged. These

22   documents include but not limited to various authorization

23   forms and agreements.

24

25

5

COMPLAINT

18. In 2017, Plaintiff hired handwriting forensic expert Beth Chrisman to exam such forms and documents Plaintiff believed to have forgeries.

19. Chrisman concluded the following, "Based on a thorough analysis of the documents submitted to me, my professional expert opinion is the Kwame Brown of the known writing did not initial or sign ANY of the questioned documents; thus is eliminated as the author." (See Exhibit A).

20. After full review of the Plaintiff's file from Defendants, Defendants held deposits for Plaintiff in the approximate amounts of no less than $17,400,000.00.

21. Plaintiff alleges and believes no less than approximately $17,400,000.00 was mishandled, and/or misappropriated through fraudulent means, without Plaintiff's consent.

22. Plaintiff continues to suffer an enormous financial damage due to the actions of the Defendants.

### FIRST CAUSE OF ACTION

#### FRAUD

(By Plaintiff against all Defendants)

23. Plaintiff repeats, realleges and incorporates herein this reference paragraphs 1 through 22 and above, inclusive, as though, fully set forth herein.

24. Prior to 2010, Defendants obtained consent from the Plaintiff to invest and trade Plaintiff's monies.

6

COMPLAINT

1    25. After 2010, Defendants did not obtain consent from the

2    Plaintiff, but continued to to invest and trade Plaintiff's

3    monies and open up bank accounts without Plaintiff's

4    knowledge.

5    26. It is Plaintiff's belief that in order for Defendants to

6    prove Plaintiff gave his consent to invest or trade his

7    monies, Defendants fraudulently forged Plaintiff's signature

8    on several documents to show Plaintiff's consent.

9    27. Defendants converted a construction loan to a line of

10   credit after Plaintiff specifically told Defendants to pay off

11   the construction loan.

12   28. It is Plaintiff's belief that Defendants did not payoff the

13   construction loan and fraudulently converted it to a line of

14   credit without Plaintiff's consent in order to invest and

15   trade on such line of credit and collect commissions without

16   Plaintiff's knowledge and to Plaintiff's detriment.

17   29. As a direct and proximate cause of such acts of Defendants,

18   Plaintiff suffered severe financial damages. All such damage

19   to Plaintiff shall be shown according to proof.

20                     <u>**SECOND CAUSE OF ACTION**</u>

21                     **BREACH OF FIDUCIARY DUTY**

22                 (By Plaintiff against all Defendants)

23   30.   Plaintiff repeats, realleges and incorporates herein this

24   reference paragraphs 1 through 29 and above, inclusive, as

25   though, fully set forth herein.

                                7

                            COMPLAINT

1  31. Plaintiff engaged Defendants in and around 2005 as his

2     financial advisors.

3  32. It is Plaintiff's belief Defendants breached their

4     fiduciary duty to Plaintiff by fraudulently forged Plaintiff's

5     signature in order to obtain consent to invest and trade

6     Plaintiff's monies.

7  33. It is Plaintiff's belief Defendants breached their

8     fiduciary duty to Plaintiff by converting a construction loan

9     to a line a credit in an effort to self-deal to the benefit of

10    the Defendants and the detriment of the Plaintiff.

11  34. These acts by the Defendants were against the interest of

12    the Plaintiff.

13  35. As a direct and proximate cause of such acts of Defendants,

14    Plaintiff suffered severe financial damages. All such damage

15    to Plaintiff shall be shown according to proof.

16                **THIRD CAUSE OF ACTION**

17                  **BREACH OF CONTRACT**

18       (By Plaintiff against all Defendants)

19  36. Plaintiff repeats, realleges and incorporates herein this

20    reference paragraphs 1 through 35 and above, inclusive, as

21    though, fully set forth herein.

22  37. Plaintiff engaged Defendants in and around 2005 as his

23    financial advisors thereby entering into a contract.

24

25

8

COMPLAINT

38. According to the contract Defendants agreed to advise Plaintiff on financial matters in the best interest and to the benefit of Plaintiff.

39. It is Plaintiff's belief Defendants breach the contract by fraudulently forged Plaintiff's signature in order to obtain consent to invest and trade Plaintiff's monies.

40. It is Plaintiff's belief Defendants breached the contract by converting a construction loan to a line a credit in an effort to self-deal to the benefit of the Defendants and the detriment of the Plaintiff.

41. These acts by the Defendants were against the interest of the Plaintiff, therefore breaching the contract.

42. As a direct and proximate cause of such acts of Defendants, Plaintiff suffered severe financial damages. All such damage to Plaintiff shall be shown according to proof.

### FOURTH CAUSE OF ACTION

### CONVERSION

(By Plaintiff against all Defendants)

43. Plaintiff repeats, realleges and incorporates herein this reference paragraphs 1 through 42 and above, inclusive, as though, fully set forth herein.

44. Plaintiff engaged Defendants in and around 2005 as his financial advisors. As financial advisors, Defendants took possession of Plaintiff's monies in order to invest and trade with Plaintiff's consent.

9

COMPLAINT

45. It is Plaintiff's belief that Defendants fraudulently forged Plaintiff's signature on several documents to show Plaintiff's consent in order to convert Plaintiff's monies for the benefit of Defendants.

46. Defendants converted a construction loan to a line of credit after Plaintiff specifically told Defendants to pay off the construction loan.

47. It is Plaintiff's belief that Defendants did not payoff the construction loan and fraudulently converted it to a line of credit without Plaintiff's consent in order to invest and trade on such line of credit and collect commissions without Plaintiff's knowledge and to Plaintiff's detriment.

48. Plaintiff demanded the return of such monies to no avail.

49. As a direct and proximate cause of such acts of Defendants, Plaintiff suffered severe financial damages. All such damage to Plaintiff shall be shown according to proof.

WHEREFORE, PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:

ON THE FIRST CAUSE OF ACTION

1. General damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Compensatory damages in an amount according to proof;

4. Punitive damage and exemplary in an amount appropriate to punish Defendants;

5. Costs of suit herein incurred;

10

COMPLAINT

6. Reasonable attorney's fees in an amount according to proof;

7. Prejudgment interest in an amount according to proof; and;

8. Such other relief as the court may deem proper.

ON THE SECOND CAUSE OF ACTION

1.    General damages in an amount according to proof;

2.    Special damages in an amount according to proof;

3.    Compensatory damages in an amount according to proof;

4.    Costs of suit herein incurred;

5.    Reasonable attorney's fees in an amount according to proof;

6.    Prejudgment interest in an amount according to proof; and,

7.    Such other relief as the court may deem proper.

ON THE THIRD CAUSE OF ACTION

1. General damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Costs of suit herein incurred;

4. Reasonable attorney's fees in an amount according to proof;

5. Prejudgment interest in an amount according to proof; and;

6. Such other relief as the court may deem proper.

ON THE FOURTH CAUSE OF ACTION

11

COMPLAINT

1.   General damages in an amount according to proof;

2.   Special damages in an amount according to proof;

3.   Compensatory damages in an amount according to proof;

4.   Costs of suit herein incurred;

5.   Reasonable attorney's fees in an amount according to
     proof;

6.   Prejudgment interest in an amount according to proof;
     and,

     Such other relief as the court may deem proper.

Date:   May 8, 2018

                         BODDIE & ASSOCIATES, P.C.
                         By:



                         _____
                         COREY D. BODDIE, Attorney for
                         Plaintiff


                              12

                          COMPLAINT

**VERIFICATION**

Kwame Brown declares:

I am the Plaintiff in the above-entitled action. I have read the foregoing first amended complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the state of California, that the foregoing is true and correct.

Date: 5/8/2018

KWAME BROWN

**EXHIBIT A**

# EXHIBIT A

05/10/2018.

Thursday, January 4, 2018

# Opinion Report

**Beth Chrisman**
**Certified Questioned Document Examiner**
6320 Canoga Ave, 15th Floor
Woodland Hills, CA 91367
Phone: 310-910-3993
Fax: 310-861-1614
Beth@HandwritingExpertCalifornia.com

This letter contains a statement of the request of the client, descriptions of the questioned and comparison documents, a synopsis of the examination conducted, and this document examiner's opinion.

## Request

I was asked to compare the known initials and signatures of Kwame Brown to the questioned initials and signatures to determine if the Kwame Brown of the known samples authored the documents in question.

## Description of the Questioned Documents

I examined the following questioned documents:

Q1    A Merrill Lynch PIA Expanded Proprietary Model Portfolio Strategy Option Form dated July 14, 2010, allegedly singed by Kwame Brown.

Q2    A Merrill Lynch PIA Expanded Proprietary Model Portfolio Strategy Option Form dated July 14, 2010, allegedly singed by Kwame Brown.

Q3    A Merrill Lynch PIA Expanded Proprietary Model Portfolio Strategy Option Form dated July 14, 2010, allegedly singed by Kwame Brown.

Q4    A Merrill Lynch PIA Expanded Proprietary Model Portfolio Strategy Option Form dated July 14, 2010, allegedly singed by Kwame Brown.

Q5    A Merrill Lynch Personal Investment Advisory Program Individual Trade Confirmation Election Form dated July 27 allegedly singed by Kwame Brown. The year is illegible.

Q6    A Merrill Lynch Personal Investment Advisory Program Proxy Delegation form dated July 27 allegedly singed by Kwame Brown. The year is illegible.

Q7    A Merrill Lynch Personal Investment Advisory Program Client Acknowledgment form dated July 27, allegedly initialed and singed by Kwame Brown. The year is illegible, but the financial advisors signature is dated in 2012.

Q8    A Merrill Lynch Personal Investment Advisory Program Client Agreement form dated March 19, 2014 allegedly singed by Kwame Brown.

Questioned Initials and Signatures of Kwame Brown



Thursday, January 4, 2018

Q9    A Bank of America Payoff Letter, page 2, dated April 8, 2010, allegedly signed by Kwame Brown.

Q10    A Bank of America, N.A. (Federal Reserve Form U-1) with no date allegedly signed by Kwame Brown.

Q11    A Bank of America Loan Management Account Agreement, page 3, allegedly initialed by Kwame Brown.

Q12    A Bank of America Loan Management Account Agreement, page 4, containing no signature of Kwame Brown.

## Description of the Known/Comparison Documents

I examined the following known/comparison documents:

K1    A Contract for Sale and Purchases with the initials of Kwame Brown.

K2    A Contract for Sale and Purchases dated April 17, 2015, signed by Kwame Brown.

K3    A Standards For Real Estate Transactions form with the initials of Kwame Brown.

K4    A Standards For Real Estate Transactions form with the initials of Kwame Brown.

K5    Page 2 of 2 of a contract dated April 21, 2015, signed by Kwame Brown.

K6    A Conditions of Escrow form with the typed date of April 2015, signed by Kwame Brown.

K7    A Purchase and Sale Agreement with offer date of November 5, 2015, initialed by Kwame Brown.

K8    An Acceptance and Contact Information form signed by Kwame Brown.

K9    A form with the heading, Examine This Contract Carefully, dated August 24, 2010 signed by Kwame Brown.

K10    A Uniform Player Contract, Exhibit 1A, dated August 24, 2010, initialed by Kwame Brown.

K11    A Uniform Player Contract, Exhibit 2, dated August 24, 2010, initialed by Kwame Brown.

K12    A Uniform Player Contract, Exhibit 5, dated August 24, 2010, initialed by Kwame Brown.

K13    A Uniform Player Contract, Exhibit 6, dated August 24, 2010, initialed by Kwame Brown.

K14    A Uniform Player Contract, Exhibit 7, dated August 24, 2010, initialed by Kwame Brown.

K15    A form with the heading, Examine This Contract Carefully Before Signing It, dated December 14, 2011 signed by Kwame Brown.

K16    A Uniform Player Contract, Exhibit 1, dated December 14, 2011, initialed by Kwame Brown.

Questioned Initials and Signatures of Kwame Brown      2 of 10

Thursday - January 4, 2018

K17  A Uniform Player Contract, Exhibit 2, dated December 14, 2011, initialed by Kwame Brown.

K18  A Uniform Player Contract, Exhibit 5, dated December 14, 2011, initialed by Kwame Brown.

K19  A Uniform Player Contract, Exhibit 6, dated December 14, 2011, initialed by Kwame Brown.

K20  A Uniform Player Contract, Exhibit 7, dated December 14, 2011, initialed by Kwame Brown.

## Examinations & Observations

As a result of the examination and analysis, my observations are as follows:

1.  Numerous known specimen initials and signatures were presented for examination. These were provided as a meaningful specimen sample group revealing the writing variations of Kwame Brown. The known initials and signatures were intercompared with one another and it was determined they are internally consistent and indeed written by one writer.

2.  The questioned documents were intercompared.

    a.  The Q1 and Q2 questioned signatures are exactly the same, as well as the circled x and hand printed name of Kwame Brown. The account number, investor profile and date are different. Only one of these documents could have the original signature of Kwame Brown if in fact it is the signature of Kwame Brown.

    b.  The hand printed name, account number and date on the Q1, Q2, Q3, and Q4 forms have been written by one person. The investor profile handwriting was written by one person. These may be two different writers.

    c.  The hand printed account number, Kwame Brown name, date and title on the Q5, Q6, and Q7 forms was all written by the same person who filled out the financial advisor information, Michelle Marquez.

    d.  The Bank of America Loan Management Account Agreement, Q12, does not contain a signature for Kwame Brown and the signature for the Managing Director appears to be a stamp, not an ink on paper signature.

    e.  The questioned signatures exhibit a wide range of variation with the Q3 exhibiting retouching/retracing strokes, the Q8 appears pictorially dissimilar, and the Q10 has an additional arc formation in the letter 'B.'

3.  The questioned initials and signatures were compared to the known specimen initials and signatures. On the basis of my examination there are dissimilarities observed in stroke formations, skill and fluidity. There are retracing/retouching strokes, tremorous strokes, and additional strokes that are inconsistent with the known initial and signature samples. The slant in the Q9 and Q10 is dissimilar in comparison to the known signature samples. Additionally, none of the handwritten names, dates or titles are similar to the known handwriting of Kwame Brown.

See Appendix B for an initial and signature comparison of Kwame Brown



 Thursday, January 4, 2018

## Basis of Opinion

The basis for handwriting identification is that writing habits are not instinctive or hereditary but are complex processes that are developed gradually through habit and that handwriting is unique to each individual. Further, the basic axiom is that no one person writes exactly the same way twice and no two people write exactly the same. Thus, writing habits or individual characteristics distinguish one person's handwriting from another.

A process of analysis, comparison and evaluation is conducted.

Based on the conclusions of the expert, an opinion will be expressed. See opinion levels for expressing conclusions in Appendix C.

## Opinion

Based on a thorough analysis of the documents submitted to me, my professional expert opinion is the Kwame Brown of the known writing did not initial or sign ANY of the questioned documents; thus, is eliminated as the author.

## Declarations and Signature

Attached as Appendix A is a current copy of my CV as evidence of my special knowledge, skill, experience, training and education.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Woodland Hills, California this 4th day of January 2018.

Beth Chrisman

Questioned Initials and Signatures of Kwame Brown



Thursday, January 4, 2018

# QUESTIONED    KNOWN

Q1 X
CLIENT'S SIGNATURE

K2
(Buyer)
Manager of the Dived

Q2
CLIENT'S SIGNATURE

BUYER:
K5

(Name)                Date

Q3 X

NEW DIRECTION ACADEMY, LLC
K6
BY:
Kwame Brown, Manager

Q4 X

Merrill Lynch Account Number
Q5
CLIENT'S SIGNATURE

K8
Buyer Acceptance and Contact Information
Buyer's Signature

Merrill Lynch Account Number
Q6

K9

Please Kwame Brown

Client Agreement and Disclosure
Q7
CLIENT'S SIGNATURE

K15

Q8
SIGNATURE                DATE
3/1

Please Kwame Brown

Q9
Signed:
By:
Kwame Brown

Q10
Signed:

Borrower's Signature

APPENDIX B – Initial and Signature Comparison of Kwame Brown

7 of 10

05/18/2018

 Thursday, January 4, 2018

# QUESTIONED          KNOWN

|  |  |
|---|---|
| Q7 | K1 — Buyer |
|  | K3 — receipt of the Buyer |
|  | K4 — intended to be Buyer |
| Q11 — Client Initials / Secu | K7 |
|  | K10 — Player |
|  | K11 — Player |
|  | K12 — Player |
|  | K13 — Player |
|  | K14 — Player |
|  | K16 |
|  | K17 — Player |
|  | K18 — Player |
|  | K19 — Player |
|  | K20 — Player |

**FUNDING INSTRUCTI**

Client Initials   Se

APPENDIX B – Initial and Signature Comparison of Kwame Brown   

Monday, February 5, 2018

# Opinion Report

**Beth Chrisman**
Certified Questioned Document Examiner
6320 Canoga Ave, 15th Floor
Woodland Hills, CA 91367
Phone: 310-910-3993
Fax: 310-861-1614
Beth@HandwritingExpertCalifornia.com

This letter contains a statement of the request of the client, descriptions of the questioned and comparison documents, a synopsis of the examination conducted, and this document examiner's opinion.

## Request

I was asked to compare the known initials and signatures of Kwame Brown to the questioned initials and signatures to determine if the Kwame Brown of the known samples authored the documents in question.

## Description of the Questioned Documents

I examined the following questioned documents:

Q1    A Merrill Lynch PIA Expanded Proprietary Model Portfolio Strategy Option Form dated July 14, 2010, allegedly singed by Kwame Brown.

Q2    A Merrill Lynch PIA Expanded Proprietary Model Portfolio Strategy Option Form dated July 14, 2010, allegedly singed by Kwame Brown.

Q3    A Merrill Lynch PIA Expanded Proprietary Model Portfolio Strategy Option Form dated July 14, 2010, allegedly singed by Kwame Brown.

Q4    A Merrill Lynch PIA Expanded Proprietary Model Portfolio Strategy Option Form dated July 14, 2010, allegedly singed by Kwame Brown.

Q5    A Merrill Lynch Personal Investment Advisory Program Individual Trade Confirmation Election Form dated July 27 allegedly singed by Kwame Brown. The year is illegible.

Q6    A Merrill Lynch Personal Investment Advisory Program Proxy Delegation form dated July 27 allegedly singed by Kwame Brown. The year is illegible.

Q7    A Merrill Lynch Personal Investment Advisory Program Client Acknowledgment form dated July 27, allegedly initialed and singed by Kwame Brown. The year is illegible, but the financial advisors signature is dated in 2012.

Q8    A Merrill Lynch Personal Investment Advisory Program Client Agreement form dated March 19, 2014 allegedly singed by Kwame Brown.

Questioned Initials and Signatures of Kwame Brown



Q9    A Bank of America Payoff Letter, page 2, dated April 8, 2010, allegedly signed by Kwame Brown.

Q10   A Bank of America, N.A. (Federal Reserve Form U-1) with no date allegedly signed by Kwame Brown.

Q11   A Bank of America Loan Management Account Agreement, page 3, allegedly initialed by Kwame Brown.

Q12   A Bank of America Loan Management Account Agreement, page 4, containing no signature of Kwame Brown.

Q13   A Merrill Lynch Client Relationship Agreement dated March 1, 2010, allegedly signed by Kwame Brown.

Q14   A two-page Merrill Lynch Account Transfer Instruction form dated March 25, 2010, allegedly signed by Kwame Brown.

Q15   A Merrill Lynch Client Relationship Agreement dated March 3, 2010, allegedly signed by Kwame Brown.

Q16   A two-page Merrill Lynch Account Transfer Instruction form dated March 25, 2010, allegedly signed by Kwame Brown.

Q17   A Merrill Lynch Client Relationship Agreement March 3, 2010, allegedly signed by Kwame Brown.

Q18   A two-page Merrill Lynch Account Transfer Instruction form dated March 25, 2010, allegedly signed by Kwame Brown.

Q19   A two-page Merrill Lynch Account Transfer Instruction form dated March 25, 2010, allegedly signed by Kwame Brown.

Q20   A two-page Merrill Lynch Client Relationship Agreement Form for Individual, Joint or Retirement Accounts dated February 26, 2014, allegedly signed by Kwame Brown.

Q21   A two-page Merrill Lynch Account Transfer Instruction form dated March 25, 2010, allegedly signed by Kwame Brown.

Q22   A WCMA Account Application dated December 24, 2015, allegedly signed by Kwame Brown.

## Description of the Known/Comparison Documents

I examined the following known/comparison documents:

K1    A Contract for Sale and Purchases with the initials of Kwame Brown.

K2    A Contract for Sale and Purchases dated April 17, 2015, signed by Kwame Brown.

K3    A Standards For Real Estate Transactions form with the initials of Kwame Brown.

Questioned Initials and Signatures of Kwame Brown



**Monday, February 5, 2018**

K4    A Standards For Real Estate Transactions form with the initials of Kwame Brown.

K5    Page 2 of 2 of a contract dated April 21, 2015, signed by Kwame Brown.

K6    A Conditions of Escrow form with the typed date of April 2015, signed by Kwame Brown.

K7    A Purchase and Sale Agreement with offer date of November 5, 2015, initialed by Kwame Brown.

K8    An Acceptance and Contact Information form signed by Kwame Brown.

K9    A form with the heading, Examine This Contract Carefully, dated August 24, 2010 signed by Kwame Brown.

K10   A Uniform Player Contract, Exhibit 1A, dated August 24, 2010, initialed by Kwame Brown.

K11   A Uniform Player Contract, Exhibit 2, dated August 24, 2010, initialed by Kwame Brown.

K12   A Uniform Player Contract, Exhibit 5, dated August 24, 2010, initialed by Kwame Brown.

K13   A Uniform Player Contract, Exhibit 6, dated August 24, 2010, initialed by Kwame Brown.

K14   A Uniform Player Contract, Exhibit 7, dated August 24, 2010, initialed by Kwame Brown.

K15   A form with the heading, Examine This Contract Carefully Before Signing It, dated December 14, 2011 signed by Kwame Brown.

K16   A Uniform Player Contract, Exhibit 1, dated December 14, 2011, initialed by Kwame Brown.

K17   A Uniform Player Contract, Exhibit 2, dated December 14, 2011, initialed by Kwame Brown.

K18   A Uniform Player Contract, Exhibit 5, dated December 14, 2011, initialed by Kwame Brown.

K19   A Uniform Player Contract, Exhibit 6, dated December 14, 2011, initialed by Kwame Brown.

K20   A Uniform Player Contract, Exhibit 7, dated December 14, 2011, initialed by Kwame Brown.

## Examinations & Observations

As a result of the examination and analysis, my observations are as follows:

1.  Numerous known specimen initials and signatures were presented for examination. These were provided as a meaningful specimen sample group revealing the writing variations of Kwame Brown. The known initials and signatures were intercompared with one another and it was determined they are internally consistent and indeed written by one writer.

2.  The questioned documents were intercompared.

    a.  The Q1 and Q2 questioned signatures are exactly the same, as well as the circled x and hand printed name of Kwame Brown. The account number, investor profile and date are

Questioned Initials and Signatures of Kwame Brown



different. Only one of these documents could have the original signature of Kwame Brown if, in fact, it is the signature of Kwame Brown.

b. The Q14, Q16, Q18, Q19, and Q21 questioned signatures are exactly the same, as well as most of the handwritten information. The account numbers and types of accounts are ............................... different. Only one of these documents could have the original signature of Kwame Brown if, in fact, it is the signature of Kwame Brown.

c. The Q15 and Q17 signatures are exactly the same, as well as the entire document. Only one of these documents could have the original signature of Kwame Brown if, in fact, it is the signature of Kwame Brown.

d. The hand printed name, account number and date on the Q1, Q2, Q3, and Q4 forms have been written by one person. The investor profile handwriting was written by one person. These may be two different writers.

e. The hand printed account number, Kwame Brown name, date and title on the Q5, Q6, and Q7 forms was all written by the same person who filled out the financial advisor information, Michelle Marquez.

f. The Bank of America Loan Management Account Agreement, Q12, does not contain a signature for Kwame Brown and the Signature for the Managing Director appears to be a stamp, not an ink on paper signature.

g. The questioned signatures exhibit a wide range of variation with the Q3 exhibiting retouching/retracing strokes, the Q8 appears pictorially dissimilar, and the Q10 has an additional arc formation in the letter 'B.'

h. The Q20 and Q22 lack in skill and fluidity compared to most of the questioned signatures.

3. The questioned initials and signatures were compared to the known specimen initials and signatures. On the basis of my examination there are dissimilarities observed in stroke formations, skill and fluidity. There are retracing/retouching strokes, tremorous strokes, and additional strokes that are inconsistent with the known initial and signature samples. The slant in the Q9 and Q10 is dissimilar in comparison to the known signature samples. Additionally, none of the handwritten names, dates or titles are similar to the known handwriting of Kwame Brown.

See Appendix B for an initial and signature comparison of Kwame Brown

## Basis of Opinion

The basis for handwriting identification is that writing habits are not instinctive or hereditary but are complex processes that are developed gradually through habit and that handwriting is unique to each individual. Further, the basic axiom is that no one person writes exactly the same way twice and no two people write exactly the same. Thus, writing habits or individual characteristics distinguish one person's handwriting from another.

A process of analysis, comparison and evaluation is conducted.

Based on the conclusions of the expert, an opinion will be expressed. See opinion levels for expressing conclusions in Appendix C.

Questioned Initials and Signatures of Kwame Brown



Monday, February 5, 2018

## Opinion

Based on a thorough analysis of the documents submitted to me, my professional expert opinion is the Kwame Brown of the known writing did not initial or sign ANY of the questioned documents; thus, is eliminated as the author.

## Declarations and Signature

Attached as Appendix A is a current copy of my CV as evidence of my special knowledge, skill, experience, training and education.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Woodland Hills, California this 5th day of February 2018.

Beth Chrisman

Questioned Initials and Signatures of Kwame Brown



# QUESTIONED    KNOWN

APPENDIX B – Initial and Signature Comparison of Kwame Brown

Monday, February 5, 2018

# QUESTIONED        KNOWN

K1

Q7

K3

K4

Q11

Client Initials   Secu

K7

K10
Player

K11
Player

K12
Player

FUNDING INSTRUCT

K13
Player

Client Initials   Se

K14
Player

K16

K17
Player

K18

K19
Player

K20
Player

APPENDIX B — Initial and Signature Comparison of Kwame Brown





APPENDIX B – Initial and Signature Comparison of Kwame Brown

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| COREY BODDIE, ESQ. SBN 289185<br>BODDIE & ASSOCIATES PC<br>10940 WILSHIRE BLVD, SUITE 1600<br>LOS ANGELES, CA 90024<br>TELEPHONE NO.: 310-873-3722    FAX NO.: 310-999-5143<br>ATTORNEY FOR (Name): KWAME BROWN | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 10 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _M. Soto_, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST
MAILING ADDRESS: 111 N. HILL ST
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
KWAME BROWN vs. MERRILL LYNCH INC, BANK OF AMERICA

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 7 0 5 7 7 4 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [✓] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 05/08/2018

COREY D. BODDIE
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: KWAME BROWN vs. MERRILL LYNCH, BANK OF AMERICA et al | CASE NUMBER: BC 7 0 5 7 7 4 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** — Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: KWAME BROWN vs. MERRILL LYNCH, BANK OF AMERICA etc | CASE NUMBER |
|---|---|

| | | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☒ A6013 | Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 | Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 | Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 | Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 | Quiet Title | 2, 6 |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: KWAME BROWN vs. MERRILL LYNCH, BANK OF AMERICA et | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)                    CIVIL CASE COVER SHEET ADDENDUM                    Local Rule 2.3
LASC Approved 03-04                     AND STATEMENT OF LOCATION                          Page 3 of 4

| SHORT TITLE: KWAME BROWN vs. MERRILL LYNCH, BANK OF AMERICA et | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>1. 2.✓ 3. 4. ✓ 5. 6. 7. 8. 9. 10. 11. | ADDRESS:<br>800 E. COLORADO BLVD |
|---|---|

| CITY:<br>PASADENA | STATE:<br>CA | ZIP CODE:<br>91101 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___05/08/2018___

___(SIGNATURE OF ATTORNEY/FILING PARTY)___

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**